## In re ERIE R. CO.
### No. 45839.

District Court, N. D. Ohio, E. D.
March 17, 1948.

See also 76 F.Supp. 635.

Harold T. Clark, of Cleveland, Ohio, Autenrieth & Wortendyke, of Newark, N. J., and Humes, Smith & Andrews, of New York City, for petitioner.

M. C. Smith, Jr., of Cleveland, Ohio, for Erie R. Co.

WILKIN, District Judge.

This case was submitted upon the pleadings, stipulation of facts, and briefs. Considerations of comity and respect for the District Court of New Jersey and the Court of Appeals of the Third Circuit constrain this court to deny the prayer of the petition contained in Par. (a) and to grant the prayer of the petition contained in Par. (b).

In view of the acquirement of 95% of the stock and most of the outstanding bonds of Greenwood by Erie, the separate identity of the two companies became almost a fiction. As determined by the New Jersey District Court and the Third Circuit Court of Appeals, New York Trust Co. v. New York & Greenwood Lake Ry. Co., 156 F.2d 701, there was "practical unity of the railroads." The amount paid to petitioner would therefore decrease the estate of the debtor in the Erie Reorganization case. It seems to this court quite clear that the decisions of the New Jersey District Court and the Third Circuit Court of Appeals are more consonant with the plan and purpose of the reorganization statute, Section 77, 11 U.S.C.A. § 205, than the criticisms of those decisions in the Harvard Law Review, Vol. LX, No. 4, page 641, relied on by plaintiff.

This court therefore finds that it has jurisdiction and, in accordance with paragraph 24 of the Stipulation of Facts, sets the case for pre-trial conference on April 2, 1948 at 2:00 p. m. to determine the exact issues remaining and what further proceedings shall be had.

NOTE: If this court should hold that it does not have jurisdiction, the plaintiff would be out of court entirely and without remedy. It could not go back to the District Court of New Jersey because that court would be bound by the decision of the Third Circuit Court of Appeals, New York Trust Co. v. New York & Greenwood Lake Ry. Co., 156 F.2d 701. State courts would also follow that decision. But since this court has determined that it has jurisdiction, if the petitioner desires to do so, it may take an appeal to the Court of Appeals of the Sixth Circuit. If the decision there should be contrary to that of the Court of Appeals of the Third Circuit, then there would be grounds for certiorari by the Supreme Court.